E-Filed: **12/10/08**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES MOORE, | ) No. CV 08-07895-GHK (VBK) |
| Petitioner, | ) ORDER SUMMARILY DISMISSING |
|  | ) PETITION FOR WRIT OF HABEAS |
| v. | ) CORPUS FOR LACK OF SUBJECT |
|  | ) MATTER JURISDICTION |
| DERRAL G. ADAMS, | ) |
| Respondent. | ) |

On December 1, 2008, Charles Moore (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California. Petitioner was convicted by a jury in Los Angeles County Superior Court on April 29, 1992 of two counts of attempted murder in violation of California Penal Code ("PC") §§664/187(a). As to both counts, the jury also found true the armed principal enhancements. (PC §§12022(a)(1); 122022.5; 1203.06.) On June 24, 1992, Petitioner was sentenced to prison for ten years, plus life with the possibility of parole. (See Petition at 2.)

Petitioner has raised the following claims in the within

1  Petition: "(1) false imprisonment, dishonest public officials hid
2  [Petitioner's] entitlement to his jury acquittal; (2) custody
3  expiration date, Captain F. Field ratified the assault, robbery and
4  kidnap; (3) injury in fact, [Petitioner's] civil right to file a
5  lawsuit is likely to cause more injurys [sic] by prison officials; (4)
6  [Petitioner] requests the Court's protection pursuant to <u>Lujan v.</u>
7  <u>Defenders of the Wild</u> [sic], 504 U.S. 555 (1992); and (5) [Petitioner]
8  was acquitted of two counts of 664/187 under the essential elements of
9  firearms use." (<u>See</u> Petition at 5-6.[1])

10      It appears from the face of the Petition that it is directed to
11 the same 1992 Los Angeles County Superior Court conviction as a prior
12 habeas petition filed by Petitioner in this Court on October 11, 2007,

---

[1]  The Court notes that Petitioner has left blank on the habeas form whether any of these claims were exhausted in state court. Additionally, claim 3 appears to be a civil rights claim, not a habeas claim. According to traditional interpretation, the writ of habeas corpus is limited to the legality or duration of confinement. <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484-86, 93 S.Ct. 1827 (1973); <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979)("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

If Petitioner is claiming a violation of his civil rights he should file the appropriate civil rights action. Since this action was filed after the enactment of the Prison Litigation Reform Act of 1995 ("PLRA"), it is governed by the provisions of the PLRA. The PLRA amended 42 U.S.C. §1997e(a) to provide as follows:

> "[N]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

<u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819 (2001); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983 (2000).

in Case No. CV 07-06595-GHK (VBK).[2] On April 20, 2008, Judgment was entered in Case No. CV 07-06595-GHK (VBK), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (2) (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

---

[2] The Court may take judicial notice of its own files and records. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988). On October 11, 2007, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. CV 07-06595-GHK (VBK). In this Petition, Petitioner raised the following claims: (1) Insufficient evidence to sustain convictions for aiding and abetting pursuant to PC §31; (2) PC §664/187 denies equal protection. The jury acquitted Petitioner of personally shooting either victim Alford or Stepney, PC §§1203.06, 12022.5. PC §§664-187 does not permit vicarious liability; (3) Ineffective assistance of counsel; (4) Cruel and unusual punishment; and (5) Defective indictment can be raised at any time. (See Petition at 6-7.) The Court dismissed the Petition on the grounds it was untimely.

```
 1                    (ii)  the facts underlying the claim, if proven and
 2              viewed in light of the evidence as a whole, would be
 3              sufficient to establish by clear and convincing evidence
 4              that, but for constitutional error, no reasonable factfinder
 5              would have found the applicant guilty of the underlying
 6              offense.
 7              (3)(A) Before a second or successive application permitted
 8         by this section is filed in the district court, the applicant
 9         shall move in the appropriate court of appeals for an order
10         authorizing the district court to consider the application."
11         (Emphasis added.)
12
13        The Petition now pending constitutes a second and/or successive
14   petition challenging the same conviction as Petitioner's prior habeas
15   petition, within the meaning of 28 U.S.C. §2244(b).  Thus, it was
16   incumbent on Petitioner under §2244(b)(3)(A) to secure an order from
17   the Ninth Circuit authorizing the District Court to consider the
18   Petition, prior to his filing of it in this Court.  Petitioner's
19   failure to do so deprives the Court of subject matter jurisdiction.
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28
```

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   12/9/08

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented this 5th day of December, 2008 by:

    / S /
_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE